George Haines, Esq.
Nevada Bar No. 9411
David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
1020 Garces Ave.
Las Vegas, NV 89101
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@hainesandkrieger.com
Attorney for Diane M. Aldrich

E-FILED: November 16, 2009

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | ) **Case No. BKS-09-25950-LBR** |
| | ) **Chapter 13** |
| | ) |
| | ) |
| **Diane M. Aldrich**, | ) **Hearing Date:  December 01, 2009** |
| | ) **Hearing Time:  1:00 PM** |
| | ) |
| **Debtor(s).** | ) |
| | ) |
| | ) |

## DEBTOR'S OPPOSITION TO MOTION FOR
## RELIEF FROM AUTOMATIC STAY AND/OR REQUEST FOR RENOTICING
## UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149
## EFFECTIVE JULY 1, 2009) OR REQUEST FOR EVIDENTIARY HEARING ON
## WHETHER A REAL PARTY IN INTEREST PURSUANT TO FRCP 17 HAS
## BEEN NAMED IN CREDITOR'S MOTION FOR RELIEF

COMES NOW, Diane M Aldrich, by and through attorney, David Krieger, Esq.,
of the LAW OFFICES OF HAINES & KRIEGER, LLC, and in response to **US BANK
NATIONAL ASSOCIATION, AS TRUSTEE FOR BAFC 2007-1's** ("Creditor")
Motion for Relief from Automatic Stay states as follows:

1.    On August 27, 2009, Debtor filed the current Chapter 13 Petition in

Bankruptcy with the Court.

2.    Debtor's Plan provides that Debtor would continue to make direct

payments to Creditor, while under the protection of the automatic stay of the Bankruptcy

- 1 -

Court, as well as provide for all payments in arrears through the Debtor's Chapter 13 Plan.

3.  On or about November 04, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

4.  Debtor believes that the asset securing US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BAFC 2007-1's claim is necessary to the Debtor's effective reorganization.

5.  Debtor also believes that Creditor's motion was not filed by a "Real Party in Interest" pursuant to F.R.C.P. 17.  F.R.B.P. 9014 incorporating Fed. R. Bankr. P. 7017; See *In re Wells*, No. 08-17639, 2009 WL 1872401, (Bankr. N.D. Ohio June 19, 2009); *In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS lacked standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure); *In re Jacobsen*, 2009 WL 567188 (Bankr. W.D. Wash. 2009) (denying motion for stay relief because movant had not established either identity of holder of note or movant's authority to act on behalf of that party); *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008); *In re Hayes,* 393 B.R. 259 (Bankr. D. Mass. 2008); *In re Prevo*, 394 B.R. 847 (Bankr. S.D. Tex. 2008); *In re Maisel,* 378 B.R. 19 (Bankr. D. Mass. 2007) (standing/ownership of Creditor); *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007).

6.  Accordingly, Debtor requests Creditor's motion be denied or in the alternative requests this Court order and evidentiary hearing be held to determine whether Creditor has proper standing and authority to bring this motion.

- 3 -

7.      In the event this Court is inclined to grant secured Creditor's request for relief from the automatic stay, the Debtor requests that Your Honor require Secured Creditor to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effective July 1, 2009) by this Creditor to the extent applicable.

8.      Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080."  NRS 107.080 (as revised by Nevada Assembly Bill 149 effective July 1, 2009) requires Secured Creditor to provide Debtor a notice of election to enter into court mandated mediation.

/././

/././

/././

- 4 -

WHEREFORE, Debtor requests:

1. US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BAFC 2007-
   1's Motion be denied; and/or

2. Order that and evidentiary hearing be scheduled to determine whether
   Creditor has proper standing and/or authority to bring the instant motion;

3. Attorney's fees for opposing Creditor's motions and representing Debtor in an
   evidentiary hearing in the event Creditor cannot establish property standing or
   authority to bring the instant Motion for Relief;

4. In the event Your Honor grants relief from stay, that Secured Creditor be
   required to renotice its foreclosure proceeding pursuant to Revised NRS
   107.080 (as effective through Nevada AB 149, July 1, 2009), thus providing
   the Debtor an opportunity to elect court mandated mediation in State Court;
   and/or

5. Such other relief as the Court finds appropriate.

Dated: November 16, 2009

/s/ David Krieger, Esq.
**Attorney for Debtor(s)**

/./.

/./.

/./.

- 4 -

- 5 -

<u>**CERTIFICATE OF MAILING RE:**</u>
<u>**DEBTOR'S OPPOSITION TO MOTION FOR**</u>
<u>**RELIEF FROM AUTOMATIC STAY**</u>

       I hereby certify that on November 16, 2009, I mailed a true and correct copy, first

class mail, postage prepaid, of the above listed document to the following:

                                       <u>/s/David Krieger, Esq.</u>
                                       Attorney for Debtor

Gregory Wilde
208 S. Jones Blvd
Las Vegas, NV 89107